| | |
|---|---|
| 1 | Jay S. Rothman  (SBN 49739) |
| | lawyers@jayrothmanlaw.com |
| 2 | Lowell W. Finson (SBN275586) |
| | lfinson@jayrothmanlaw.com |
| 3 | JAY S. ROTHMAN & ASSOCIATES |
| | 21900 Burbank Boulevard, Suite 210 |
| 4 | Woodland Hills, CA 91367 |
| | Telephone: (818) 986-7870 |
| 5 | Facsimile: (818) 990-3019 |
| 6 | Attorneys for Plaintiff |
| | CHRISTIAN MENENDEZ |
| 7 | |
| 8 | Yvonne Arvanitis Fossati (SBN 161764) |
| | fossatiy@jacksonlewis.com |
| | Talya Z. Friedman (SBN 216158) |
| 9 | friedmat@jacksonlewis.com |
| | Hazel U. Poei (SBN 214928) |
| 10 | poeih@jacksonlewis.com |
| | JACKSON LEWIS P.C. |
| 11 | 725 South Figueroa Street, Suite 2500 |
| | Los Angeles, California  90017-5408 |
| 12 | Telephone:   (213) 689-0404 |
| | Facsimile:    (213) 689-0430 |
| 13 | |
| 14 | Attorneys for Defendant |
| | INTERMOUNTAIN LOCK AND SECURITY SUPPLY CO. |
| 15 | (erroneously sued and served as INTERMOUNTAIN LOCK AND SECURITY SUPPLY, CO., INC.) |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MENENDEZ, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>INTERMOUNTAIN LOCK AND SECURITY SUPPLY CO., INC., a Utah corporation, and DOES 1 through 50, inclusive,<br><br>      Defendants. | **CASE NO.:  2:16-cv-02451-MWF-AS**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint Filed:   March 8, 2016<br><br>Scheduling Conference: May 9, 2016<br>Time:            11:00 am<br>Location:     Courtroom 1600<br>                     312 North Spring Street<br>                     Los Angeles, CA  90012 |

Plaintiff CHRISTIAN MENENDEZ ("Plaintiff") and Defendant INTERMOUNTAIN LOCK AND SECURITY SUPPLY CO. ("Defendant")(collectively referred to herein as the "Parties"), by and through their respective counsel, hereby submit their Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and Judge Michael W. Fitzgerald's Order Setting Scheduling Conference for May 9, 2016 at 11 a.m., dated April 13, 2016 ("Order Setting Scheduling Conference") (Docket No. 7). Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's Order Setting Scheduling Conference, the Parties' counsel conferred regarding the issues herein on April 22, 2016.

a. **Statement of the Case:**

1. *Plaintiff's Statement:* On March 8, 2016, a Complaint for Damages (hereinafter "Complaint") was filed in the Superior Court of the State of California, County of Los Angeles entitled *Christian Menendez v. Intermountain Lock and Security Supply Co., Inc. et al.*, Case No. BC613070 ("Complaint"), which sets forth the following causes of action: (a) wrongful termination in violation of public policy; (b) race/national origin discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (c) retaliation in violation of the FEHA; (d) failure to take all reasonable steps to prevent harassment, discrimination and retaliation in violation of the FEHA; (e) intentional infliction of emotional distress; (f) failure to pay wages in violation of California Labor Code §§ 204 and 207; and (g) unfair competition in violation of the California Business & Professions Code § 17200.

2. On March 17, 2016, Defendant was served with Plaintiff's Summons and Complaint. On March 29, 2016, Defendant filed its Answer to the Complaint in state court, making a general denial as permitted by California Code of Civil Procedure § 431.30(d), and asserting various affirmative defenses. On April 12, 2016, Defendant removed the case to the United States District Court for the Central District of California.

3. Plaintiff's position is that throughout the course of his employment, he, as well as other Hispanic employees were subject to discrimination based upon race.

1  Plaintiff began his employment in July of 2014, and was titled as Customer Support and
2  he was responsible for over-the-counter sales. During his employment, Defendant's
3  agents committed various acts of discrimination, including, but not limited to the
4  ordering Plaintiff to perform janitorial duties, refusing to honor pay raises, as well as
5  paying for overtime, lying about alleged customer complaints, falsely accusing Plaintiff
6  of performing an improper critique of another employee, and limiting Plaintiff's lunch

7  *Defendant's Statement:*

8  1. On March 8, 2016, a Complaint for Damages (hereinafter
9  "Complaint") was filed in the Superior Court of the State of California, County of Los
10  Angeles entitled *Christian Menendez v. Intermountain Lock and Security Supply Co., Inc.
11  et al.*, Case No. BC613070 ("Complaint"), which sets forth the following causes of
12  action: (a) wrongful termination in violation of public policy; (b) race/national origin
13  discrimination in violation of the California Fair Employment and Housing Act
14  ("FEHA"); (c) retaliation in violation of the FEHA; (d) failure to take all reasonable steps
15  to prevent harassment, discrimination and retaliation in violation of the FEHA; (e)
16  intentional infliction of emotional distress; (f) failure to pay wages in violation of
17  California Labor Code §§ 204 and 207; and (g) unfair competition in violation of the
18  California Business & Professions Code § 17200.

19  2. On March 17, 2016, Defendant was served with Plaintiff's Summons
20  and Complaint. On March 29, 2016, Defendant filed its Answer to the Complaint in state
21  court, making a general denial as permitted by California Code of Civil Procedure
22  § 431.30(d), and asserting various affirmative defenses. On April 12, 2016, Defendant
23  removed the case to the United States District Court for the Central District of California.

24  3. Defendant expressly denies the allegations set forth in the Complaint
25  and contest Plaintiff's claims for relief. Defendant specifically contends that Plaintiff was
26  not subjected to any unlawful conduct by Defendant, as alleged, or at all. Defendant
27  further contends that neither Plaintiff's race/national origin nor any other protected status
28  was a factor with respect to any adverse employment decision or action defendant took

against Plaintiff. Defendant further avers that Plaintiff was not discriminated against, retaliated against, or wrongfully terminated. Rather, all actions taken with respect to Plaintiff were taken for legitimate non-discriminatory and non-retaliatory reasons. Because there was no discriminatory or retaliatory action taken against Plaintiff, Defendant further avers that it did not act in contravention of California Government Code § 12940(k). In addition, Defendant's employees did not act in any outrageous or extreme manner towards Plaintiff which rises to a level sufficient to support a claim for intentional infliction of emotional distress. Even assuming *arguendo* they did, such claim is preempted by the California Workers' Compensation Act. Finally, Plaintiff was timely paid all wages which were due and owing to him and, assuming *arguendo* he was not, any failure to timely pay was not willful.

   **b.   Subject Matter Jurisdiction:**

Diversity jurisdiction exists in this action because there was (at the time the lawsuit was filed), and is, diversity of citizenship between the parties. *Grupo Dataflux v. Atlas Global Group, LP* (2004) 541 U.S. 567, 571.

   **c.   Legal Issues:**

The key legal issues in this case include:

   1. Whether Plaintiff's race or any other protected status was a factor with respect to any adverse employment decision or action by Defendant concerning Plaintiff;

   2. Whether Plaintiff was subjected to workplace discrimination/harassment within the meaning of the FEHA;

   3. Whether Defendant failed to take all reasonable steps to prevent harassment, discrimination and retaliation in violation of FEHA;

   4. Whether Plaintiff was retaliated against by Defendant in violation of FEHA;

   5. Whether Plaintiff was wrongfully terminated by Defendant in violation of public policy;

6. Whether Defendant subjected Plaintiff to intentional infliction of emotional distress;

7. Whether Defendant failed to pay wages owed to Plaintiff in violation of California Labor Code §§ 204 and 207; and

8. Whether Defendant engaged in unfair competition in violation of the California Business & Professions Code § 17200.

**d.** **Parties, Evidence, etc.:**

The parties are: Plaintiff and Defendant.

Other interested parties are: Neal Hickenlooper, Crystal Johnson, Dirk Hickenlooper, Zane Hickenlooper, Chad Hickenlooper, Jayna Hickenlooper Roberts Family Needs Trust, Retail and Wholesale Marketing Solutions LLC, Retail and Wholesale Technology Solutions LLC, and Retail Wholesale Software Solutions LLC.

The percipient witnesses are: Jonathan Wiseman, Mike Katz and Steve Martinez.

The key documents are: the Plaintiff's personnel file (including disciplinary write-ups), Defendant's handbook and policies; Plaintiff's payroll records and paystubs; and Plaintiff's medical records.

**e.** **Damages:**

*Plaintiff's Statement:* Plaintiff is entitled to lost wages, statutory penalties, and stress related to the FEHA claims.

*Defendant's Statement:* Defendant contends that Plaintiff is not entitled to any damages in this action, as alleged, or at all.

**f.** **Insurance:**

Defendant has insurance coverage through Hanover Insurance, and a reservation of rights has been asserted in connection with Plaintiff's claims.

**g.** **Motions:**

If this case proceeds to trial, Defendant anticipates moving to bifurcate liability from damages.

Dispositive motions are addressed in Section (m) below.

    **h.**     **Manual for Complex Litigation:**

This case is not complex, and the parties do not recommend that the procedures of the Manual for Complex Litigation be utilized.

    **i.**     **Status of Discovery:**

The parties have not yet engaged in formal discovery. After the scheduling conference, the parties will proceed with discovery consistent with the Discovery Plan below.

    **j.**     **Discovery Plan:**

    (i)     Initial Disclosures (Rule 26(a)(1)(C)):

The parties do not believe any changes need to be made to the timing, form or requirement for Initial Disclosures under Rule 26(a).

    (ii)     Scope and Timing of Discovery (Rule 26(f)(3)(B))

*Plaintiff's Statement:* Plaintiff will conduct discovery in accord with Defendant's Statement, and sees no reason to change the pertinent rules.

*Defendant's Statement:* Generally, Defendant intends to seek discovery regarding the following: (1) the facts and circumstances surrounding the allegations in the Complaint; (2) percipient witnesses with evidence regarding the facts and circumstances of the allegations of the Complaint; (3) documentary evidence regarding the facts and circumstances of the allegations of the Complaint; (4) the nature and extent of Plaintiff's alleged damages; and (5) Plaintiff's efforts, if any, to mitigate his alleged damages.

Written Discovery: Defendant intends to propound written discovery consisting of Special Interrogatories, Requests for Production of Documents, and Requests for Admission.

Depositions: Defendant intends to take Plaintiff's deposition, as well as the depositions of any additional witnesses identified during discovery and investigation in this matter.

The parties agree that additional percipient witness depositions may be scheduled by each side. The parties anticipate that discovery will need to be conducted regarding the key legal issues identified above.

The parties agree to complete discovery pursuant to Exhibit A below. The parties do not believe that discovery will need to be conducted in phases or be limited to or focused on a particular issue.

**k.  Non-Expert Discovery Cut-Off:**

The parties propose a non-expert discovery cut-off date, including the last day to hearing discovery motions, of January 16, 2017.

**l.  Expert Discovery Cut-Off:**

The parties propose an expert discovery cut-off date, including the last day to hearing discovery motions, of February 13, 2017.

**m.  Dispositive Motions:**

*Plaintiff's Statement*: Plaintiff anticipates filing motions *in limine*. At this stage of litigation, it is too early to tell what those will be.

*Defendant's Statement:* Defendant believes that all of Plaintiff's claims are subject to summary adjudication or dismissal. Defendant anticipates filing a motion for summary judgment or partial summary judgment prior to the dispositive motion filing cutoff date.

Defendant also anticipates filing motions *in limine*. At this stage of litigation, Defendant does not yet know which issues or claims may be determined by motions *in limine*.

**n.  Settlement/Alternative Dispute Resolution (ADR):**

The parties have not engaged in any substantive settlement discussions to date. The parties discussed settlement and settlement mechanisms at the Rule 26(f) conference of counsel. The parties discussed their preference for participation in private mediation.

**o.  Trial Estimate:**

Defendant presently anticipates calling 5-8 witnesses at trial. Plaintiff anticipates

calling at least 7 witnesses at trial and requests a jury trial. The number of witnesses the parties intend to call at trial is subject to change pending information obtained through the conclusion of discovery. The Parties anticipate a trial estimate of 10 days with a trial date in late May 2017.

### p. **Trial Counsel:**

Jay s. Rothman and Lowell W. Finson of Jay S. Rothman & Associates presently intend to represent Plaintiff at trial.

Yvonne Arvanitis Fossati, Tayla Z. Friedman and Hazel U. Poei of Jackson Lewis P.C. presently intend to represent Defendant at trial.

### q. **Independent Expert or Master:**

The parties presently do not believe this is a case in which the Court should consider appointing a master pursuant to Rule 53 of the Federal Rules of Civil Procedure or an independent scientific expert.

Dated: April 25, 2016        Jay S. Rothman & Associates

By: /s/ Lowell W. Finson
    Jay S. Rothman
    Lowell W. Finson

Attorneys for Plaintiff
CHRISTIAN MENENDEZ

Dated: April 25, 2016        JACKSON LEWIS P.C.

By: /s/ Yvonne Arvanitis Fossati
    Yvonne Arvanitis Fossati
    Talya Z. Friedman
    Hazel U. Poei

Attorneys for Defendant
INTERMOUNTAIN LOCK AND SECURITY SUPPLY CO.

## **ATTESTATION**

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 25, 2016    JACKSON LEWIS P.C.

By: /s/ Yvonne Arvanitis Fossati
Yvonne Arvanitis Fossati
Talya Z. Friedman
Hazel U. Poei

Attorneys for Defendant
INTERMOUNTAIN LOCK AND SECURITY SUPPLY CO.

4839-0123-6784